OPINION
Defendant-appellant, Linda Barnes, appeals from the denial of her motion for leave to file a motion for a new trial in the Clermont County Court of Common Pleas. Since we find that the trial court did not abuse its discretion, we affirm.
On April 26, 1984, appellant was convicted of three counts of rape and four counts of child endangerment arising from incidents involving her own minor children. The trial court imposed upon appellant three life sentences for each of the rape counts and sentences of two to five years for the child endangering counts, each sentence to be served consecutively. This court affirmed appellant's conviction on April 8, 1985, and the Ohio Supreme Court dismissed appellant's appeal on September 18, 1985.
At trial, appellant's sons, Tony (then age nine) and Shawn (then age seven), testified that their parents and uncles repeatedly engaged in sexual conduct with them. In April 1994, Tony mailed a letter to his mother in which he apologized for perjuring his testimony at trial and indicated his desire to recant. That same month, appellant contacted an attorney at the Office of the Ohio Public Defender. Her attorney waited five years and on March 22, 1999, filed a motion for leave to file a motion for a new trial based on newly discovered evidence pursuant to Crim.R. 33(B). Attached to this motion were reciprocal affidavits from her now-adult sons and an affidavit from a licensed psychologist who interviewed and evaluated Tony and Shawn.
The trial court found that appellant's motion was appropriate since she was unavoidably prevented from discovering this new evidence at trial or within one hundred twenty days of the verdict. However, the trial court denied appellant's motion, concluding that appellant's five year delay before filing the motion was unreasonable and unjustifiable. Appellant appeals from this judgment, raising a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING MRS. BARNES' MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL BECAUSE SHE PROVED THAT SHE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE WITHIN 120 DAYS OF THE VERDICT, AND SHE WAS NOT BARRED BY THE DOCTRINE OF LACHES.
In her sole assignment of error, appellant contends that the trial court erred by denying her motion for leave to file a motion for a new trial on the basis that it was untimely filed. Appellant basically argues that once she has shown she was unavoidably prevented from filing a motion for a new trial by clear and convincing evidence in accordance with Crim.R. 33(B), the trial court may not enforce any other time limits or requirements for filing her motion for leave. Appellant essentially asserts that she may file her motion at any point in time and "the equitable doctrine of laches is the proper bar" to a "wrongfully and prejudicially delayed" motion.
"A motion for a new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v.Scheibel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Since we review the decision for granting a motion for a new trial under the abuse of discretion standard, it follows that a motion for leave to file a motion for a new trial will not be disturbed on appeal absent an abuse of discretion. State v. Pinkerman
(1993), 88 Ohio App.3d 158, 160; State v. Stansberry (Oct. 9, 1997), Cuyahoga App. No. 71004, unreported. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Appellant filed her motion for leave to file a motion for a new trial based on the newly discovered evidence that two of her adult children wanted to recant their trial testimony. However, appellant waited five years after learning this fact before filing her motion. Although Crim.R. 33(B) provides many stringent time limits, the rule does not specify how much time a defendant may take to file a motion for leave to file a motion for a new trial upon discovering new evidence. Crim.R. 33(B) states in relevant part:
 Application for a new trial shall be made by motion which * * * shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
Appellant argues that we should strictly and literally construe Crim.R. 33(B), reminding us that the Ohio Supreme Court "does not countenance judicial activism" in interpreting an act of the General Assembly. First, we note that the Supreme Court, not the General Assembly, promulgated the Rules of Criminal Procedure pursuant to the authority conferred by Section 5(B), Article IV of the Ohio Constitution.[1] Secondly, our interpretation of Crim.R. 33(B) is guided by Crim.R. 1(B), which states:
 Purpose and construction. These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.
See, also, R.C. 2901.04(B) ("[r]ules of criminal procedure * * * shall be construed so as to effect the fair, impartial, speedy and sure administration of justice"). Moreover, Crim.R. 57(B) notes that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure."
Crim. R. 33(B) provides for finality and the "speedy and sure administration of justice" by strictly limiting the time in which a defendant may file a motion for a new trial. Unless the motion is made on the basis of newly discovered evidence, a criminal defendant has only fourteen days from the date of the verdict or decision of the court to file the motion. Crim.R. 33(B). If a court finds that the defendant was unavoidably prevented from filing his motion for a new trial within this period on account of newly discovered evidence, the defendant must file a motion within seven days of the order finding that the defendant was so prevented. Id. The trial court has no discretion to extend these time requirements. Crim.R. 45(B).
In light of the purpose and construction of the criminal rules, and the scope of Crim.R. 33(B), we conclude that the trial court may require a defendant to file a motion for leave to file a motion for a new trial within a reasonable time after discovering the new evidence. Accord State v. Stansberry (Oct. 9, 1997), Cuyahoga App. No. 71004, unreported. If the defendant needs additional time to procure affidavits of witnesses to support the motion, the trial court, pursuant to Crim. R. 33(A)(6), may then postpone the hearing on the motion for a reasonable time.
Allowing the defendant to file a motion to leave for a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay. In addition, without some standard of reasonableness, "a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear." Stansberry, 1997 WL 626063 at *3.
Therefore, we conclude that the trial court did not abuse its discretion by denying appellant's motion for leave to file a motion for a new trial on the basis that her five year delay was unreasonable. The trial court was entitled to conclude that such a delay is unreasonable when it appeared from the record that appellant merely used the time to procure affidavits from appellant's sons and a psychologist. Such affidavits were unnecessary to file a motion for leave to file a motion for a new trial and, as noted, the trial court could have granted additional time for their procurement once appellant filed a motion for a new trial under Crim.R. 33(A)(6).
Finally, appellant argues that the doctrine of laches is the proper way to bar an unreasonably delayed motion for leave to file a motion for a new trial. Appellant further claims that her motion should be granted because she would not be barred by laches. In civil cases, laches is an affirmative defense that a defendant must raise in his answer, or it is deemed waived. Civ.R. 8(C). Traditionally, laches has operated as a bar to those who did not expeditiously assert their equitable rights.
 Equity demands that rights should be asserted before lapse of time has made a judicial inquiry difficult and uncertain by reason of the death of parties, the loss of papers and books, the death of witnesses, and the intervention of equities; and where delay, under such circumstances, exceeds the time fixed for suit by statutes of limitations in an analogous action at law, the burden is on the party asserting such right to explain the delay and to show that it would be inequitable and unjust to refuse the aid of the court in the enforcement of the right.
Russel v. Fourth National Bank (1921), 102 Ohio St. 248, paragraph four of the syllabus.
In the trial court, the state did not raise the equitable defense of laches in response to appellant's motion for leave to file a motion for a new trial under Crim.R. 33(B). It appears that appellant is attempting for the first time in this appeal to raise the defense of laches on behalf of the state and argue its inapplicability to her motion. It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal. See, e.g., Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41,43; Chandler and Asssoc., Inc. v. America's HealthcareAlliance, Inc. (1997), 125 Ohio App.3d 572, 582. Accordingly, we need not determine whether laches is applicable to a motion filed pursuant to Crim.R. 33(B). The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Article IV, Section 5(B) of the Ohio Constitution, or the "Modern Courts Amendment," gives the supreme court oversight of all courts in the Ohio and empowers it to promulgate all court rules of practice and procedure. These rules override conflicting statutes and legislative enactments purporting to govern practice and procedure in Ohio courts. Pursuant to this power, the supreme court has promulgated the Civil, Criminal, Appellate, and Juvenile Court Rules of Procedure and the Rules of Evidence.