The STATE of Ohio, Appellee,

v.

PINKERMAN, Appellant.

[Cite as *State v. Pinkerman* (1993), 88 Ohio App.3d 158.]

Court of Appeals of Ohio,
Lawrence County.

No. 92 CA 16.

Decided June 3, 1993.

*J. Stewart Kaiser*, Lawrence County Prosecuting Attorney, for appellant.

*James Kura*, Ohio Public Defender, and *Shelley R. Smith*, Assistant Public Defender, for appellee.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Lawrence County Common Pleas Court dismissing a motion filed by Larry R. Pinkerman, defendant below and appellant herein, for leave to file a delayed motion for new trial pursuant to Crim.R. 33(B).

Appellant assigns the following error:

"The trial court erred to the prejudice of the appellant when it improperly denied appellant's motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(B)."

On October 6, 1978, the grand jury indicted appellant for aggravated murder in violation of R.C. 2901.02. On August 31, 1982, after three trials and two appeals, we affirmed appellant's conviction. See *State v. Pinkerman* (Aug. 31, 1982), Lawrence App. No. 1576, unreported, 1982 WL 3525.

On October 15, 1990, appellant filed a motion for a new trial based upon newly discovered evidence. Appellant attached two affidavits to his motion. In one affidavit, appellant's prison cellmate confessed that he, and not appellant, had committed the aggravated murder. In the other affidavit, appellant stated he did not coerce or threaten his cellmate into signing the affidavit.

On January 24, 1991, appellant moved to dismiss his motion for new trial without prejudice. Appellant explained that at the time he wrote the motion, he did not have access to a copy of Crim.R. 33(B), and he did not have knowledge of the rule's requirements regarding delayed motions for new trial. On January 24, 1991, the court dismissed appellant's motion for new trial without prejudice.

On August 5, 1991, appellant filed a motion for leave to file a motion for new trial. On September 16, 1991, appellant's current counsel entered an appearance in the case. On November 27, 1991, the trial court entered judgment in full as follows:

"Now comes the Court to consider the Motion for Leave to File Motion for New Trial.

"The Court finds that Defendant filed this Motion in October, 1990 and finds that it was dismissed voluntarily in January, 1991.

"The Court finds that the time for filing a Motion for New Trial has expired.

"It is hereby Ordered that the Motion for Leave be denied."

Appellant, through his present counsel, filed a notice of appeal.

█ In his sole assignment of error, appellant asserts the trial court erred by denying his motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(B).

█ In *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus, the court held:

"A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion."

At least one court has applied the "abuse of discretion" standard of review to Crim.R. 33(B) motions for leave to filed a delayed motion for new trial. See *State v. Wright* (Mar. 31, 1992), Greene App. No. 90 CA 135, unreported, 1992 WL 66385. We will apply the "abuse of discretion" standard in the case *sub judice.*

In *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 171, the court followed established law on what constitutes an abuse of discretion:

"The term 'abuse of discretion' ' * * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149." See, also, *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894, and *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.

Crim.R. 33(B) provides in pertinent part:

"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. *If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."* (Emphasis added.)

Appellant cites *State v. Walden* (1984), 19 Ohio App.3d 141, 19 OBR 230, 483 N.E.2d 859, for the proposition that a trial court must first determine whether

the defendant was "unavoidably prevented" from discovering the new evidence within the one-hundred-and-twenty-day period, and only later determine the merits of the motion for new trial.

Appellee argues that appellant failed to bring his motion for leave within a reasonable time. Appellee notes that appellant knew of the new evidence when he filed his October 15, 1990 motion for new trial, but nevertheless failed to pursue the motion, requested the trial court to dismiss the motion, and waited six months before filing his motion for leave to file a delayed motion for new trial.

Both parties note Crim.R. 33(B) provides many time limits. Both parties also agree the rule does not specify how many days a defendant, upon discovering new evidence, may take to file a motion for leave to file a motion for new trial. Appellant argues that because the rule states no such time limit, there is none. Appellee argues that we should agree with the trial court that an excessive amount of time elapsed between the time appellant learned about the new evidence and the time appellant filed his motion for leave to file a delayed motion for new trial.

We agree with appellant that Crim.R. 33(B) does not provide a time limit for the filing of a motion for leave to file a delayed motion for new trial. The rule instead merely states that the trial court may not grant the motion for leave unless the trial court finds that the defendant was unavoidably prevented from discovering the new evidence within one hundred and twenty days from the day the jury render the verdict.

In the case *sub judice*, we find appellant was unavoidably prevented from discovering the new evidence within the one-hundred-twenty-day period. Accordingly, based upon the foregoing reason, we sustain appellant's sole assignment of error.

Upon remand, the trial court should enter judgment granting appellant leave to file a motion for new trial. If appellant files a motion for new trial within seven days of the trial court's judgment granting leave, then the trial court shall proceed to consider the motion in accordance with Crim.R. 33.

*Judgment reversed*
*and cause remanded.*

STEPHENSON and GREY, JJ., concur.