OPINION
Defendant-appellant Denni Frase appeals from the March 9, 1999, Judgment Entry of the Licking County Court of Common Pleas denying her Motion for Leave to File a Delayed Motion for a New Trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 29, 1994, appellant was indicted by the Licking County Grand Jury on one count of aggravated murder in violation of R.C. 2903.01. Following a jury trial, appellant, on March 24, 1995, was found not guilty of aggravated murder but guilty of the lesser offense of murder in violation of R.C. 2903.02. Thereafter, appellant was sentenced to an indefinite term of fifteen years to life in prison. A Judgment Entry memorializing appellant's conviction and sentence was filed on March 27, 1995. Appellant's conviction was affirmed by this court on appeal. See State v. Frase (April 3, 1996), Licking App. No. 95-CA-40, unreported. On February 4, 1999, appellant filed a Motion for Leave to File a Delayed Motion for a New Trial pursuant to Crim. R. 33(B) based upon newly discovered evidence. Appellee filed a response to appellant's motion on February 8, 1999. Pursuant to a Judgment Entry filed on March 9, 1999, the trial court denied appellant's motion finding that appellant had not demonstrated that she was unavoidably prevented from discovering the alleged new evidence within the 120 day limit imposed by Crim. Rule 33(B) and that much of the evidence proffered by appellant was not newly discovered. It is from the March 9, 1999, Judgment Entry that appellant prosecutes this appeal. While appellant does not set forth any specific assignments of error, the crux of her argument is that the trial court erred in denying her Motion for Leave to file a Delayed Motion for a New Trial. Pursuant to Crim. R. 33(B): "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. (Emphasis added)
See also State v. Pinkerman (1993), 88 Ohio App.3d 158. Thus, to obtain leave to file a motion for a new trial based on newly discovered evidence, appellant had to show "by clear and convincing proof" that she was unavoidably prevented from discovering such evidence within one hundred twenty days after the verdict. In reviewing the trial court's denial of appellant's Motion for Leave to File a Motion for a New Trial, this court must review the record to determine whether appellant presented sufficient evidence to meet the "clear and convincing" standard. However, when there exists competent and credible evidence supporting the trial court's decision, this court cannot substitute its judgment for that of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71. Appellant, in reply to appellee's response to appellant's Motion for Leave, contends that she was unavoidably prevented from discovering the alleged newly discovered evidence in a timely manner due to her incarceration, her lack of knowledge as to the law, and her lack of access to the transcripts of her trial. The transcripts, however, have been filed and available since July of 1995. Moreover, the fact of her incarceration, by itself, does not equate to clear and convincing proof that she was unavoidably prevented from discovering the evidence within the time parameters set forth in Crim. R. 33(B). State v. Smith (March 27, 1998), Miami App. No. 93 CR 51, unreported. Finally appellant's asserted ignorance of the law and of legal procedure is not a defense since all persons are conclusively presumed to know the law. State v. Brumback (1996), 109 Ohio App.3d 65. Because there was competent and credible evidence supporting the trial court's finding that appellant failed to prove by clear and convincing evidence that she had been unavoidably prevented from the discovery of the evidence upon which she is relying, we find that the trial court did not err in denying appellant's Motion for Leave to File a Delayed Motion for a New Trial. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
by Edwards, J. Gwin, P. J. and Farmer, J. concur