OPINION
This appeal is taken by Defendant-Appellant Donnie R. Neace Jr. from the judgment entered by the Court of Common Pleas of Mercer County convicting Neace of two counts of aggravated vehicular homicide.
Shortly after midnight on the evening of July 2, 1998, Donnie R. Neace left the Shingle Shack Inn accompanied by his wife, Mary Neace and his best friend, Bruce Dysert. They were headed for Mr. Neace's boat located in the channels to Grand Lake St. Mary's behind the Shingle Shack Inn. Thomas and Denise Besecker, a couple who had also been socializing at the Shingle Shack Inn, left the bar with the group of three intent on accompanying them on their midnight "spin" through the lake.
The Besecker boat led the way out of the channel and onto the lake's main body. Neace took his seat as operator of the boat, while his wife Mary sat in the passenger seat and Bruce Dysert sat in the back seat. After being seated Neace started his boat and followed Besecker out through the channel. Passing from the channel into the bay Neace's boat passed the Besecker's and began accelerating at a high rate of speed. When Neace passed Besecker he remained in the driver's seat operating the boat. Minutes later the boat crashed.
The authorities arrived on the scene shortly after the collision. They transported all three passengers in Neace's boat to the hospital. Later that evening Bruce Dysert was pronounced dead for injuries resulting from a violent ejection from the boat upon impact into the stone embankment. Several days later, Mary Neace was also pronounced dead. Donnie Neace survived and was charged with two counts of aggravated vehicular homicide.
On July 31, 1998 Neace entered a plea of not guilty. He was brought to trial on June 22, 1999. After three days of trial and subsequent deliberation, Neace was found guilty of two counts of aggravated vehicular homicide and sentenced to two consecutive three-year terms. On appeal from that conviction Neace makes several assignments of error.
 1. The trial court erred when it failed to grant appellant's motion for judgment of acquittal because the State failed to prove that Appellant was operating the boat.
In his first assignment of error Neace claims that the trial court should have granted his motion for acquittal because the State failed to present sufficient evidence to support the verdict. Specifically, Neace claims that the State failed to prove that he was driving the boat when it crashed. Initially, we observe that "on the trial of a case, either civil or criminal, the weight to be given the evidence and credibility of the witnesses are primarily for the trier of facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "Sufficiency is a term of art meaning that the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380,382.
When a defendant challenges the sufficiency of evidence, we determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. To reverse a judgment of a trial court when there is insufficient evidence to support it, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary. Id.
Aggravated vehicular homicide is a violation of R.C. § 2903.06. It reads in part:
 (A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft or aircraft shall recklessly cause the death of another or the unlawful termination of another's pregnancy.
The record discloses and neither party disputes that there indeed was an accident involving a watercraft that ended in a collision causing the death of two people. The controversy surrounds the evidence or lack thereof proving that Neace was in control of that watercraft when the fatal collision occurred. The evidence presented at trial by the prosecution included: 1) the copy of an interview that Sergeant Portz had with Mr. Neace at the hospital including an admission that he was operating the vehicle; 2) Testimony of Thomas and Denise Besecker stating that Neace was last seen driving the boat moments before the accident; and 3) Testimony given by Theresa Zumberge that Neace was usually the one who drove the boat when it was taken out on the lake.
The testimony heard by the jury and outlined, above in part, tends to prove that Neace was in control of the watercraft when it collided with the rock formation on the evening of July 2, 1998. Therefore, viewing the evidence in the light most favorable to prosecution a rational trier of fact could have found the elements of aggravated vehicular homicide proven beyond a reasonable doubt. No error having been shown, Neace's first assignment of error is overruled.
 2. The Court erred in not giving a requested jury instruction based upon material ambiguity in the statute when it is pertinent to the material issue in dispute and does not repeat what has already been included in the charge.
In his second assignment of error Neace claims that the jury instructions were improper in light of the material dispute as to who was actually driving the watercraft the evening of the deadly collision. The following jury instruction is claimed as error:
 In this case the defendant is charged with aggravated vehicular homicide. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 2nd day of July, 1998, in Mercer County, Ohio, the defendant, while operating or participating in the operation of a watercraft, recklessly caused the death of Bruce Dysert.
Specifically Neace asserts that the use of the words "participating the operation" prejudiced the outcome of the trial because the central controversy at trial was whether or not Neace was driving.
The giving of jury instructions at trial is, of course, within the sound discretion of the trial court and will not be disturbed upon appeal unless an abuse of discretion is shown.State v. Martens (1993), 90 Ohio App.3d 338. The instructions adopted by the trial court in this case were virtually identical to that suggested in 4 O.J.I. 503.06(1) and are identical to the language of the statute creating the offenses for which Neace was indicted. As outlined above, the statute does not require proof that Neace alone was driving. It's enough if he was participating.
It is undisputed that the question of who was operating the watercraft at the time of the collision was the central issue at trial. However, there is nothing inconsistent, confusing or misleading about the jury instructions adopted by the court in this case. No abuse of discretion having been shown, Neace's second assignment of error is overruled.
 3. The defendant was deprived of his right to effective assistance of counsel pursuant to the sixth and fourteenth amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution where his trial counsel prior to trial received a statement of defendant's admission in discovery and agreed to allow this prejudicial documentary admission statement exhibit to be marked and entered into evidence without objection and during trial failed to object to this prejudicial document or to cross examine the officer about the exhibit and where the jury clearly relied upon this prejudicial evidence during deliberation to convict the defendant.
In his third assignment of error Neace claims that he was deprived of effective assistance of counsel as guaranteed by the Constitutions of Ohio and the United States because his lawyer failed to object to the admission of evidence that was crucial in determining Neace's guilt. There is a two-prong test for determining the effectiveness of assistance of counsel. First, the attorney's performance must be deficient, falling below the objective standard of reasonable representation. Second, there must be a reasonable probability that, but for counsel's errors, the result of the case would have been different. See State v.Bradley (1989), 42 Ohio St.3d 136, 142; Strickland v. Washington
(1984), 466 U.S. 668, 687.
Neace claims his counsel was ineffective because he failed to object to the admission of a statement made by Neace during an interview with Sergeant Portz. The statement consisted of an admission that he was indeed driving the watercraft at the time of the collision. However, the record reveals that Neace's attorney filed a motion to suppress the evidence obtained by Sergeant Portz at the hospital on the night of July 2, 1998. That motion was denied by the trial court. This court, therefore finds no basis in the record for a claim of ineffective assistance of counsel. No error having been shown, Neace's third assignment of error is overruled.
 4. The trial court erred when it ruled on the defendant's motion for a new trial without granting to the defendant his requested opportunity to submit transcript or affidavits.
In his final assignment of error Neace claims that the trial court erred by not extending the time within which his motion for a new trial could be filed. "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion."State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. Several courts have applied the same standard of review to Crim.R. 33(B) motions for leave to file a delayed motion for new trial.State v. Pinkerman (1993), 88 Ohio App.3d 158; State v. Wright
(March 31, 1992), Green App. No. 90 CA 135, Unreported. "The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149.
Crim.R. 33(B) provides in pertinent part:
 "Motions for few trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred and twenty day period."
The record reveals that Neace filed a motion for new trial on July 9, 1999. The court denied the motion. On October 12, 1999, Neace filed a motion for leave to file a motion for new trial. According to the briefs, that motion was summarily denied. Neace claims that discovery of new evidence should toll the one hundred and twenty day period allotted for filing of a motion for new trial and the trial court's entry to the contrary was in error.
However, as stated above, extension of the time necessary for filing a motion for new trial is within the discretion of the trial court and is based upon a finding of clear and convincing evidence that the defendant was "unavoidably prevented from discovery of the evidence". Neace offers no proof of unavoidable prevention from discovery on appeal. As a result, this court is without basis to determine that the trial court has abused its discretion. No abuse of discretion having been shown, Neace's final assignment of error is overruled and the judgment of the Court of common Pleas of Mercer County is affirmed.
Judgment affirmed.
HADLEY, P.J., and WALTERS, J., concur.