JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas and the briefs.
Defendant-appellant Timothy Josso ("defendant") appeals the trial court's denial of his "Motion for a New Trial; Newly Discovered Evidence." Defendant claims the trial court failed to make the required determination that he was unavoidably prevented from the discovery of new evidence which would exonerate him.
Defendant was indicted on August 27, 1987, for one count of aggravated murder and one count of aggravated robbery. A short time later he was indicted in a second case for one count of aggravated murder with three specifications: gun, a murder of a witness, and aggravated felony. The cases were consolidated by the trial court and the action proceeded to a jury trial.
Defendant was acquitted pursuant to Crim.R. 29 on the aggravated robbery charge. He was convicted of aggravated murder and aggravated robbery on January 29, 1988. Thereafter, the trial court granted a new trial for the aggravated burglary conviction, but a nolle prosequi was eventually entered by the trial court.
Subsequently, defendant filed a petition to vacate or set aside the sentence and conviction. In response, the state filed a motion to dismiss. The trial court denied defendant's petition. Defendant appealed this denial. On appeal, we sustained two of defendant's assignments of error which claimed the trial court acted inappropriately during trial and the trial court improperly used res judicata as a basis for denying his claim of ineffective assistance of counsel. State v. Josso (Aug. 22, 1996), Cuyahoga App. No. 70350-70352, unreported. The matter was remanded to the trial court. The trial court held a hearing on defendant's petition to vacate or set aside the sentence and conviction. On April 23, 1998, the trial court issued findings of fact and conclusions of law denying defendant's petition.
On June 10, 1999, defendant filed in the trial court a "Motion for Leave of Court to File a Delayed Motion for New Trial; Newly Discovered Evidence. Crim.R. 33(B)." In this motion defendant claimed he had newly discovered evidence which would demonstrate that during his trial the prosecution presented two witnesses who provided perjured testimony. The trial court denied this motion on October 27, 1999. Thereafter, defendant timely filed his notice of appeal. On appeal, he presents a single assignment of error.
Defendant's sole assignment of error states as follows:
 THE TRIAL COURT COMMITTED PLAIN ERROR AND/OR ABUSED ITS DISCRETION, WHEN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL; NEWLY DISCOVERED EVIDENCE AS REQUIRED PURSUANT TO CRIM.R. 33(B).
Defendant argues he was unavoidably prevented from discovering new evidence because he did not communicate with one of the State's witnesses from the trial until after the time to file a motion for a new trial. Based on his discussions with this witness, defendant contends the State bribed its witnesses to provide false testimony ensuring his conviction in exchange for favorable treatment in their own pending criminal cases. As a result, defendant maintains the trial court erred in not granting his motion for a new trial.
Crim.R. 33(B) provides in pertinent part:
 "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." (Emphasis added.)
A trial court must first determine whether the defendant was "unavoidably prevented" from discovering the new evidence within the one-hundred-and-twenty-day period, and only later determine the merits of the motion for new trial. State v. Pinkerman (1993),88 Ohio App.3d 158, 160; State v. Walden (1984), 19 Ohio App.3d 141.
The defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the one-hundred-twenty (120) day period. Clear and convincing proof is the measure of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. Clear and convincing proof produces in the mind of the fact finder a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71,74. This standard of proof requires more than a mere allegation that a defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial motion. State v. Kiraly (1977), 56 Ohio App.2d 37, 55. Where there is competent and credible evidence supporting the trial court's decision, an appellate court should not substitute its judgment for that of the trial court. Schiebel, supra, at 74. The allowance or denial of a motion for leave to file a delayed motion for a new trial is within the discretion of the trial judge. The trial court's decision will not be disturbed absent a showing of an abuse of discretion. Pinkerman, supra.
A review of the defendant's "Motion for Leave of Court to File a Delayed Motion for New Trial; Newly Discovered Evidence. Crim.R. 33(B)" demonstrates he was not unavoidably prevented from discovering the evidence within the one-hundred-twenty (120) day period.
Defendant was convicted of aggravated murder and aggravated robbery on January 29, 1988. He filed the above-mentioned motion on June 10, 1998, almost ten years after his conviction. Defendant now claims he was unavoidably prevented from the discovery of new evidence because he did not communicate with one of the State's witnesses from the trial until after the time to file a motion for a new trial had expired. In support, defendant argues he did not meet the state's witness, who allegedly was bribed to testify against him and provide false testimony, until this witness became a fellow inmate at his prison in 1998.
If we believe defendant, he knew the state's witnesses were perjuring themselves on the stand yet he did nothing to confirm or deny this fact until ten years after his conviction. Defendant could have contacted the prosecutor or informed his own attorney that the witnesses were giving false testimony. Defendant was dilatory in not acting to address the alleged giving of false testimony until ten years after the fact. Therefore, he was not unavoidably prevented from discovering the new evidence of alleged witness tampering. Moreover, defendant claims in his motion that he has two affidavits of state's witnesses confirming the fact that they gave false testimony. However, defendant did not attach these affidavits to his motion and they do not appear anywhere in the record.
Based on the foregoing, we find the trial court did not abuse its discretion in denying defendant's "Motion for Leave of Court to File a Delayed Motion for New Trial; Newly Discovered Evidence. Crim.R. 33(B)." Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., PATRICIA A. BLACKMON, J., CONCUR.
 ________________________________ PRESIDING JUDGE, JOHN T. PATTON