OPINION
Defendant-appellant Micah Marshall appeals from the March 16, 2000, Judgment Entry of the Richland County Court of Common Pleas overruling his Motion for Leave to File a Delayed Motion for a New Trial. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE, Appellant was indicted in 1996 on one count of aggravated robbery (Count 1) in violation of R.C.2911.01 with a firearm specification and one count of robbery (Count 2) in violation of R.C. 2911.02. Following a jury trial held in November of the same year, appellant was found guilty on all counts and sentenced to prison for eight to twenty-five years on both Counts I and 2. Counts I and 2 were to be served concurrently. In addition, appellant was sentenced to a consecutive three year prison term on the firearm specification. Appellant's conviction was affirmed by this court pursuant to an opinion filed on August 8, 1997, in case no. 96-CA-108. On October 15, 1999, appellant filed a Motion for Leave to File a Delayed Motion for a New Trial based on newly discovered evidence pursuant to Crim.R. 33. Appellant, in his motion, specifically contended that he had newly discovered evidence that the Prosecutor purposefully withheld information that was favorable to appellant's case, that the Mansfield Police Department falsified and tampered with information relevant to appellant's case, and that witnesses for the State perjured themselves at appellant's trial. A memorandum in opposition to appellant's motion was filed by appellee on December 7, 1999, to which appellant filed a response on December 30, 1999. The trial court, pursuant to a Judgment Entry filed on March 16, 2000, overruled appellant's motion, finding, in part, that appellant had failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the "new evidence" in a timely manner. It is from the trial court's March 16, 2000, Judgment Entry that appellant prosecutes his appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT IMPROPERLY DENIED APPELLANT'S MOTION FOR A NEW TRIAL PURSUANT TO CRIMINAL RULE 33(B).
 ASSIGNMENT OF ERROR II
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ARBITRARILY DISMISSED APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE PURSUANT TO CRIMINAL RULE 33(B) WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING TO DETERMINE IF IN FACT PREJUDICIAL ERROR DID OCCUR DURING HIS JURY TRIAL IN VIOLATION OF APPELLANT'SFOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
This case has been assigned to the court's accelerated docket.
 I, II
Appellant, in his two assignments of error, argues that the trial court erred in overruling appellant's Motion for Leave to File a Delayed Motion for a New Trial. Appellant further contends that the trial court should have held an evidentiary hearing on appellant's motion. We, however, disagree. Pursuant to Crim.R. 33(B): "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. (Emphasis added)
See also State v. Pinkerman (1993), 88 Ohio App.3d 158. Thus, to obtain leave to file a motion for a new trial based on newly discovered evidence, appellant had to show "by clear and convincing proof" that he was unavoidably prevented from discovering such evidence within one hundred twenty days after the verdict. In reviewing the trial court's denial of appellant's Motion for Leave to File a Motion for a New Trial, this court must review the record to determine whether appellant presented sufficient evidence to meet the "clear and convincing" standard. However, when there exists competent and credible evidence supporting the trial court's decision, this court cannot substitute its judgment for that of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71. In the case sub judice, appellant did not file his Motion for Leave to File a Delayed Motion for a New Trial until nearly three years after his trial. Appellant, in his Motion for Leave and his affidavit accompanying the same, argued that he was unavoidably prevented from discovering the alleged newly discovered evidence in a timely manner since "neither he nor his trial counsel had any knowledge of the evidence which is the subject of this motion [for leave]." Appellant further contends that he was unavoidably prevented from discovering such evidence since he was "functionally illiterate with a grade point average of (2.6)" and, therefore, was unable to understand the law, and since he lacked the assistance of counsel due to his incarceration. While appellant argues that he was unavoidably prevented from the discovery of the alleged newly discovered evidence, he has failed to show why he could not have discovered such evidence within one hundred twenty days after the verdict. The fact of incarceration, by itself, does not equate to clear and convincing proof that appellant was unavoidably prevented from discovering the evidence within the time parameters set forth in Crim.R. 33(B). State v. Smith (March 27, 1998), Miami App. No. 97 CA 46, unreported. Moreover, appellant's asserted ignorance of the law and of legal procedure is not a defense since all persons are conclusively presumed to know the law. State v. Brumback (1996), 109 Ohio App.3d 65. In short, we find that there was competent and credible evidence supporting the trial court's finding that appellant failed to prove by clear and convincing evidence that he had been unavoidably prevented from the discovery of the evidence upon which he is relying. We find, therefore, that the trial court did not abuse its discretion in denying appellant's Motion for Leave to File a Delayed Motion for a New Trial. Such decision was not arbitrary, unreasonable or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant's sole assignment of error is, therefore, overruled. The judgment of the Richland County Court of Common Pleas is affirmed.