ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant Earl Taylor appeals from the trial court's denial of his delayed motion for new trial. The appellant was convicted for a single count of felonious assault in violation of R.C. 2903.11 and thereafter sentenced to a term of two years incarceration. This court upheld the appellant's conviction in State v. Taylor (Dec. 9, 1999), Cuyahoga App. No. 75208, unreported. On August 12, 1998, the appellant was found guilty of assaulting Ms. Patricia Garrett. The appellant filed a motion for leave to file a motion for a new trial on April 27, 2000 and it is from the denial of this motion that the appellant appeals.
The appellant has attached to the motion for leave to file the motion for new trial the coroner's verdict and the autopsy protocol for Ms. Garrett and an affidavit from Mr. Michael Zurine, her significant other at the time of her death. The coroner's verdict reveals that Ms. Garrett died on November 7, 1999 and that the cause of death was seizure disorder, etiology undetermined. The autopsy protocol essentially states that the victim had grand mal seizures exacerbated by alcohol abuse. The victim suffered recent injuries to her head, trunk, left upper extremity, right upper extremity, and left leg. These thirteen injuries were identified by location and size.
Mr. Michael Zurine affirmed that Ms. Garrett had no bruises, contusions, cuts or other marks prior to death; that when he awoke from a nap he found her lying face down upon the floor and unresponsive; and that in his attempts to find out what was wrong he noticed a bruise on her chin. Subsequent to Ms. Garretts' death the police interviewed Mr. Zurine, but did not file charges. Mr. Zurine also affirmed that in general Ms. Garrett drank more alcohol than was normal.
The appellant asserts that the injuries Ms. Garrett sustained in her final seizure are relevant to his defense and were not available until after Ms. Garrett's expiration. In Taylor, supra, the facts reveal that the appellant and Ms. Garrett met in a bar and spent two days together. The appellant consumed alcohol during this period. The appellant testified on his own behalf that Ms. Garrett had two seizures that evening and that her injuries were a result of the second seizure.
In this appeal, the appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE.
The appellant asserts that a motion for leave to file a motion for a new trial based upon newly discovered evidence should be granted if it is filed within the parameters of Crim.R. 33(B) and meets the tests set forth in State v. Mack (Oct. 29, 2999), Cuyahoga App. No. 75086, unreported. The appellee states that the trial court did not abuse its discretion when it denied the motion for leave to file a motion for new trial. The State also points out that this case was heard to the bench and that during the trial evidence was presented by the treating neurologist that the victim's injuries were atypical for a seizure.[1]
Crim.R. 33 states in pertinent part:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 (B) Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
Thus, a motion for new trial based upon newly discovered evidence must be filed within one-hundred-twenty days of the verdict; and, if the motion is not made within this time frame, the defendant is required to request the trial court's leave to file a motion for a new trial. State v. Richard (May 18, 2000), Cuyahoga App. No. 77319, unreported. In order that leave be granted, clear and convincing evidence must be presented that the defendant was unavoidably prevented from the discovery of the evidence within the one-hundred-twenty day period. Crim.R. 33(B).
In State v. Schiebel (1990), 55 Ohio St.3d 71, the court held that clear and convincing evidence is that measure of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. Clear and convincing evidence produces in the mind of the fact finder a firm belief or conviction as to the facts sought to be established. Id. Mere allegations are not sufficient. Richard, supra, and State v. Mack (Oct. 28, 1999), Cuyahoga App. No. 75086, unreported, citing to State v. Kiraly (1977), 56 Ohio App.2d 37. Where there is competent credible evidence to support the trial court's decision, an appellate court should not substitute its judgment for that of the trial court.
It has been held that Crim.R. 33(B) does not provide a time limit for the filing of a motion for leave to file a delayed motion for new trial. The rule states that the trial court may not grant the motion for leave unless the trial court finds that the defendant was unavoidably prevented from discovering the new evidence within one-hundred-twenty days of the verdict. State v. Pinkerman (1993), 88 Ohio App.3d 158, 161.
In the case sub judice, the appellant was found guilty on August 12, 1998, but the motion for leave was not filed until April 27, 2000, clearly outside of the one-hundred-twenty days permitted in Crim.R. 33. The appellant asserts that he has presented clear and convincing evidence that he could not have complied with the one-hundred-twenty day time limit because the new evidence he seeks to introduce concerns the death of his victim, which did not occur until long after the time limit had passed.
Keeping in mind that the motion for leave is under review, and not a motion for a new trial, this court finds that the appellant has set forth clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within one-hundred-twenty days of the verdict. The victim did not die until well after the time limit had expired and, thus, the appellant was unavoidably prevented from obtaining the coroner's verdict and the autopsy protocol relating to her death.
The appellant's assignment of error is well taken.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ______________________________ JAMES D. SWEENEY, JUDGE
TIMOTHY E. McMONAGLE, P.J., CONCURS; MICHAEL J. CORRIGAN, J., DISSENTS WITH DISSENTING OPINION ATTACHED.
[1] The issue of whether or not the appellant's new evidence is sufficient to require the trial court to grant a new trial is not before this court, and, because we will not invade the province of the trial court, no finding is made as to the eventual ruling on the motion for a new trial.