JOURNAL ENTRY and OPINION
Defendant-appellant Willie Smith appeals from the trial court's denial of his motion for a new trial. We find no merit to the appeal and affirm the trial court's judgment.
On October 24, 1995, following a jury trial, the defendant was convicted of kidnapping and aggravated murder. The trial court sentenced the defendant to life imprisonment for the aggravated murder and ten to twenty-five years for kidnapping. These sentences were ordered to be served consecutively. This court affirmed the defendant's convictions in State v. Smith (Nov. 17, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643, unreported.
While that appeal was pending, defendant filed a motion for a new trial, or in the alternative a petition for post-conviction relief. Attached to the motion were several affidavits submitted by friends and family of the defendant attesting to various facts surrounding the murder. The trial court denied the defendant's motion for a new trial based on the fact that it had no jurisdiction due to the pending appeal. The trial court also denied the petition for post-conviction relief, finding no substantial grounds for relief because it found the affidavits were not credible. Defendant appealed from the trial court's denial.
This court in State v. Smith (April 8, 1999), Cuyahoga App. No. 75178, unreported, reversed and remanded the trial court's order. We found that the trial court was correct in denying the motion for a new trial based on lack of jurisdiction. We also found, however, that the trial court abused its discretion in denying the defendant's petition for post-conviction relief without first conducting an evidentiary hearing. We found that the credibility of the affidavits could not be determined without such a hearing. The matter was therefore reversed and remanded for a hearing.
On January 3, 2000, pursuant to the remand of this court, the trial court conducted a hearing to determine the credibility of the affidavits. The trial court again denied the defendant's motion for a new trial in a three-page opinion, finding that the affidavits and the witnesses' testimony were not credible.
The defendant appeals the trial court's denial, asserting one assignment of error.
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW [WHEN] THE COURT REFUSED TO GRANT A NEW TRIAL BECAUSE THE NEWLY DISCOVERED EVIDENCE PRESENTED ISSUES OF FACT FOR A JURY TO DETERMINE THEIR WORTH.
Whether to grant or deny a motion for a new trial is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, syllabus. An abuse of discretion connotes more than an error of law or of judgment. It implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413. The discretionary decision to grant a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party. State v. Otten (1986),33 Ohio App.3d 339, 340.
Defendant maintained in his motion that a new trial was necessary pursuant to Crim.R. 33(A)(2) and (6). Crim.R. 33(A) states in pertinent part as follows:
RULE 33. New Trial
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses of the state;
* * *
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial. * * *.
At the hearing, only the affidavits of Shenell Owens, Kitt Marshall (nka Kitt Laster), Rasheen Bledsoe, Clarence Brown and Lucretia Smith were considered. The affidavits of Donald Laster and Jermell Moore, which were attached to the defendant's motion for a new trial, were not considered or entered into evidence.
Given the trial court's broad discretion in determining whether to grant a new trial and the fact the trial court heard the witnesses' testimony in support of their affidavits, we find no grounds to disturb the trial court's finding the affidavits not credible. Determinations of the credibility of witnesses are primarily for the trial court as the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus.
Furthermore, Kitt Marshall, Rasheen Bledsoe and Clarence Brown were available prior to trial, and their testimony regarding the events surrounding the murder was discoverable. As a general rule, a motion for a new trial is granted where the defendant shows that he was unavoidably prevented from discovering the evidence which is the basis of the motion during the course of the trial. State v. Pinkerman (1993),88 Ohio App.3d 158; State v. Gray (April 13, 1995), Cuyahoga App. No. 67574, unreported.
Regarding Shenell Owens, although she originally stated in her affidavit that she was not truthful at trial, at the hearing on the new trial motion, she was adamant that she was indeed truthful at trial and that her statement given to the police was accurate. Newly discovered evidence which purportedly recants testimony given at trial is looked upon with the utmost suspicion and must be viewed with strict scrutiny. State v. Bradley (1995), 101 Ohio App.3d 752, 758-59. Thus, a motion for a new trial should only be granted when the court is reasonably well satisfied that the trial testimony given by a material witness was false. State v. Germany (Sept. 30, 1993) Cuyahoga App. No. 63568, unreported. Because Owens denied at the hearing that she was recanting her former testimony and confirmed she testified truthfully, the trial court did not err in discrediting her affidavit.
We find no grounds to disturb the trial court's denial of the motion for a new trial. Defendant's sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.:
DIANE KARPINSKI, A.J., and ANN DYKE, J., CONCUR