This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Catherine M. Hernon, appeals from the decisions of the Medina County Court of Common Pleas. We affirm.
On April 3, 2001, Ms. Hernon filed a motion for leave to file a motion for new trial. Pursuant to Crim.R. 33(B), the trial court granted her leave to file a motion for new trial on May 10, 2001. On May 21, 2001, Ms. Hernon filed a motion for an order permitting inspection and review of all evidence seized from her premises on March 4, 1998. In a hearing on the motion, held on June 15, 2001, Ms. Hernon's lawyer indicated that the Drug Enforcement Agency ("DEA") had provided the evidence requested and, further, since the request appeared to have been complied with, the motion had essentially become "moot" by the date of the hearing.
On June 22, 2001, Ms. Hernon filed a motion for a new trial. The state filed a response in opposition to the motion for new trial. On August 29, 2001, the trial court denied Ms. Hernon's motion for a new trial, noting that the motion was filed beyond the time period set forth in Crim.R. 33(B). Thereafter, on September 24, 2001, Ms. Hernon filed a motion for leave to file a motion for new trial instanter. That motion, on September 27, 2001, was also denied by the trial court. This appeal followed.
Ms. Hernon asserts two assignments of error. We will discuss them together to facilitate review.
 First Assignment of Error "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY DENYING HER MOTION FOR NEW TRIAL AFTER GRANTING LEAVE TO FILE THE MOTION."
 Second Assignment of Error "THE TRIAL COURT ERRED BY DENYING APPELLANT LEAVE TO FILE A MOTION FOR NEW TRIAL INSTANTER."
In her first assignment of error, Ms. Hernon asserts that it was unjust for the trial court to grant her leave to file a motion for new trial and then restrict her to a seven day period in which to file her motion for new trial, pursuant to Crim.R. 33(B). In her second assignment of error, Ms. Hernon avers that the trial court erred in denying her instanter motion, which was filed after the denial of her motion for new trial. We disagree with both assertions.
Crim.R. 33(A)(6) provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial." Further, Crim.R. 33(B) provides that, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence[.]" (Emphasis added.)
In the absence of compliance with the procedures set forth in Crim.R. 33(B), a motion for a new trial is not properly before the trial court.State v. Hill (Sept. 23, 1998), 9th Dist. No. 97CA006970; see, also,State v. Charlton (Sept. 1, 1999), 9th Dist. No. 98CA007121. In State v.Kiraly (1977), 56 Ohio App.2d 37, 52, the court held that, pursuant to Crim.R. 33(B), when a motion for new trial is filed more than one hundred twenty days after the verdict is rendered, the motion must be filed within seven days from an order finding that the defendant was unavoidably prevented from discovering the evidence within the one hundred twenty day period. "[I]f no such order is filed within the sevenday period prior to the filing of the motion for new trial, the motion for new trial is not properly before the trial court." (Emphasis added.)State v. Wilson (Mar. 31, 1989), 11th Dist. No. 4077, citing to Kiraly, supra.
 The Denial of the Motion for a New Trial
With regard to the denial of the motion for a new trial, Ms. Hernon avers that she was unable to file the motion for new trial within seven days as required by Crim.R. 33(B), because the prosecutor's office and the DEA did not comply with her requests for documents.[1]
Consequently, Ms. Hernon asserts that it was error for the trial court to restrict her to a seven day period in which to file her motion for a new trial. We disagree.
While Crim.R. 33(B) does not set a specific time limit for the filing of a motion for leave to file a delayed motion for new trial, State v.Pinkerman (1993), 88 Ohio App.3d 158, 161, the rule clearly sets forth a specific time in which a defendant has to file a motion for a new trial once leave is granted.
Specifically, a defendant must file a motion for a new trial withinseven days from an order of the court finding that he or she was unavoidably prevented from discovering the evidence. See Crim.R. 33(B). Consequently, while Ms. Hernon was not prevented from filing a motion for leave at a later period of time, once leave was granted, she was required to file the motion for a new trial within seven days. As Ms. Hernon did not follow the procedural requirements of Crim.R. 33(B), her motion for a new trial was not properly before the trial court. In light of the procedural time requirements for filing a motion for a new trial under Crim.R. 33(B) and Ms. Hernon's obvious noncompliance with these requirements, we find that the trial court properly denied her motion for a new trial.
Additionally, Ms. Hernon appears to assert that, as she argued that the newly discovered evidence was due in part to prosecutorial misconduct, this court should review the trial court's denial of the motion for a new trial under a due process analysis and decide whether she should be granted a new trial based upon the merits of her claim of prosecutorial misconduct. However, as the trial court did not deny the motion on substantive grounds but rather denied the motion for procedural reasons, Ms. Hernon's argument is without merit. See, generally, State v.Johnston (1988), 39 Ohio St.3d 48, 58 (holding that, while the trial court overlooked the timeliness issue and disposed of the motion for a new trial on the merits, "[i]t would have been within the discretion of the trial court to overrule the motion on procedural grounds").
 The Denial of the Instanter Motion
With regard to the denial of the instanter motion, Ms. Hernon states that Crim.R. 33(B) does not provide a specific time limit for the filing of a motion for leave to file a motion for new trial upon discovering new evidence which a defendant was unavoidably prevented from finding. Consequently, she asserts that the trial court erred because, once the trial court previously found that she was unavoidably prevented from discovery of the evidence and granted her leave to file a motion for new trial, the trial court must be consistent and grant her leave a second time. This court disagrees with Ms. Hernon's assertion. In her instanter motion, Ms. Hernon was not filing a motion for leave to file a motion for new trial based upon new evidence but, rather, was raising the same issues based upon the same evidence of which she was aware when she originally filed her motion for leave on April 3, 2001. Ms. Hernon was not basing the instanter motion upon newly discovered evidence as she claims in her brief but, in reality, was merely trying to correct her procedural default. Ms. Hernon cannot circumvent the trial court's denial of her motion due to the procedural default simply by filing a motion instanter.
Accordingly, Ms. Hernon's assignments of error are overruled. The decisions of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. CONCURS, CARR, J. DISSENTS.
[1] Regarding Ms. Hernon's assertion that the prosecutor's office and the DEA prevented her from filing her motion for a new trial because they did not comply with her requests for documents, this court notes that there is no evidence in the record that either the prosecutor's office or the DEA attempted to or did impede her attempt to timely file her motion. Specifically, at the hearing on the motion for an order permitting inspection and review of the evidence, Ms. Hernon's lawyer indicated that the DEA had provided the evidence requested. Further, when her lawyer stated that he was not even sure that the evidence for which he was looking was in the possession of the prosecutor's office, the prosecutor's office told the court that Ms. Hernon's lawyer had seen everything in the possession of the prosecutor's office. Moreover, this court also notes that Ms. Hernon filed nothing in the trial court within the seven days following the granting of leave to file a motion for a new trial. Not only did Ms. Hernon not file her motion for an order permitting inspection and review of the evidence until eleven days following the granting of leave, but she in no way indicated to the trial court within the seven days prescribed by Crim.R. 33(B) that she needed additional time.