OPINION
{¶ 1} Defendant-appellant Micah Marshall appeals from the February 14, 2002, Judgment Entry of the Richland County Court of Common Pleas overruling his Motion for Leave to File a Delayed Motion for a New Trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted in 1996 on one count of aggravated robbery (Count 1) in violation of R.C. 2911.01 with a firearm specification and one count of robbery (Count 2) in violation of R.C.2911.02. Following a jury trial held in November of the same year, appellant was found guilty on all counts and sentenced to prison for eight to twenty five years on both Counts I and 2. Counts I and 2 were to be served concurrently. In addition, appellant was sentenced to a consecutive three year prison term on the firearm specification. Appellant's conviction was affirmed by this Court pursuant to an opinion filed on August 8, 1997, in Case No. 96-CA-108.
 {¶ 3} On October 15, 1999, appellant filed a Motion for Leave to File a Delayed Motion for a New Trial based on newly discovered evidence pursuant to Crim.R. 33(B). Appellant, in his motion, specifically contended that he had newly discovered evidence that the Prosecutor purposefully withheld information that was favorable to appellant's case, that the Mansfield Police Department falsified and tampered with information relevant to appellant's case, and that witnesses for the State perjured themselves at appellant's trial. The trial court, pursuant to a Judgment Entry filed on March 16, 2000, overruled appellant's motion, finding, in part, that appellant had failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the "new evidence" in a timely manner. The trial court's judgment was affirmed by this Court as memorialized in an Opinion filed on September 6, 2000, in Case No. 00-CA-26.
 {¶ 4} Thereafter, appellant, on November 29, 2001, filed a second Motion for Leave to File a Delayed Motion for a New Trial Pursuant to Crim.R. 33(B), again arguing that his conviction was the result of "improper Police investigation, Perjured Testimony by State Witnesses at his criminal trial concerning the identification of the assailant, which contributed to defendant's conviction." As memorialized in a Judgment Entry filed on February 14, 2002, the trial court overruled the same, holding that the same was not timely filed and that the evidence appellant relied on was not newly discovered evidence.
 {¶ 5} It is from the trial court's February 14, 2002, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 {¶ 6} "I. TRIAL COURT ERROR [SIC] WHEN IT DENIED DEFENDANT-APPELLANT MOTION WITHOUT REVIEWING THE MOTION UPON IT'S [SIC] MERIT AND RELYING UPON IT'S [SIC] DENIAL FROM IT'S [SIC] PREVIOUS DECISION.
 {¶ 7} "II. TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANT'S MOTION FOR A NEW TRIAL WITHOUT GRANTING AN EVIDENTIARY HEARING AS REQUIRED BY CRIMINAL RULE 33(B), IN VIOLATION OF APPELLANTS RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATE [SIC] AND OHIO CONSTITUTIONS."
 I, II {¶ 8} Appellant, in his two assignments of error, challenges the trial court's denial of his Motion for Leave to File a Delayed Motion for a New Trial Pursuant to Crim.R. 33(B). Appellant specifically contends that the trial court failed to review the merits of appellant's motion and that the trial court erred in dismissing the same without holding an evidentiary hearing. We, however, disagree.
 {¶ 9} Crim.R. 33 states, in relevant part, as follows:
 {¶ 10} "(A) Grounds
 {¶ 11} A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 12} (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 {¶ 13} (B). . . .Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 14} In order to grant a Crim.R. 33 motion for a new trial on the ground of newly discovered evidence, it must be shown that the newly discovered evidence upon which the motion is based:
 {¶ 15} "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
 {¶ 16} A motion for a new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. State v. Schneibel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. An abuse of discretion standard also applies to motions for leave to file a delayed motion for a new trial. See State v. Pinkerman (1993), 88 Ohio App.3d 158, 160,623 N.E.2d 643. To constitute an abuse of discretion, a trial court's decision must be unreasonable, unconscionable, or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 17} Upon our review of the record, we find that the trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for a new trial without holding an evidentiary hearing. We find that the trial court's decision was not arbitrary, unconscionable or unreasonable since appellant failed to establish that the evidence upon which he relies discloses a strong probability that it will change the result if a new trial is granted. Appellant, in his motion before the trial court, argued that he was entitled to a new trial since he was the victim of misidentification. Appellant pointed out that while he is 5'4" and that he has never had a pierced ear, the two victims described their assailant as a black male approximately 5'10" with an earring in his left ear who identified himself as "Andre". Appellant further noted that while he has facial scars and a mustache, the two victims never mentioned either during the trial in this matter. Moreover, appellant also argued that he had evidence that one of the victims herein, a correctional officer at Mansfield Correctional Institution, did not recognize appellant when he walked up to her in the prison in 1998 and 1999.
 {¶ 18} In support of his motion for leave to file a delayed motion for a new trial based on the alleged new evidence of misidentification, appellant submitted both his own affidavit and the affidavit of James Gilliam.[1] James Gilliam, in his affidavit dated October 31, 2001, states, in relevant part, as follows:
 {¶ 19} "(A). I'am [sic] James Gilliam an inmate at the Richland Correctional Institution in Mansfield. On or about September 28, 2001, while walking on the yard I met a inmate by the name of Micah Marshall, he ask me would I help him with his case, because I have help [sic] so many other guys, [sic] I talked to Marshall and look at his paper work and explain to him that I was aware of his case and I knew Andre Smith, I had help him with his paper work for he could go home on the 4th of October, 2001 on Parole.
 {¶ 20} "(B). Andre had talked to me about some Robberies, that he had been question [sic] about in the past, Which he wanted to know what was the time period before a person could not be charge [sic] with Robbery, and I took him (Andre) to the Law Library and show [sic] him the statue [sic] on Robberies, Which reads after Seven (7) years no one could be charge [sic] with an [sic] Robbery.
 {¶ 21} "(C). I explain to Micah Marshall, who Andre Smith was after reading his paper work on his case, And that Andre was in the same block with him, And I would give him an Affidavit and testify to this matter in a court of law if I had to.
 {¶ 22} "(D). Just by the questions Andre kept asking about the time period the discription [sic] of the person that committed the rebberies [sic] Andre Smith is the man that committed these crimes and not Marshall."
 {¶ 23} In turn, appellant, in his November 5, 2001, affidavit, states, in relevant part, as follows:
 {¶ 24} "(16). On October 1, 2001, I (Micah Marshall), was talking to an inmate here at Ri.Ci. about My case because he (Mr. Gilliam) has some knowledge of the Law.
 {¶ 25} "(17). After looking at my paper work James Gilliam stated that he knew a Andre Smith, I then show Mr. Gilliam an article from the new journal's most wanted of Andre Smith, and at that time Mr. James Gilliam told me that Andre Smith was right here at Ri.Ci. and show Me who he was, and that he was in the same Unit that I was in.
 {¶ 26} "(18). Mr. Gilliam than told me that he did some paper work for Andre and that Andre asked him about some robberies."
 {¶ 27} Based on our review of the affidavits, we conclude that appellant has failed to present any new evidence that would entitle appellant to a new trial. Contrary to appellant's arguments, the purported newly discovered evidence "of Andre Smith" does not, in and of itself, create a strong probability of a different result at trial. The fact that a man named "Andre," who appellant alleges fits the description given by the victims herein, asked another inmate about some robberies does not lead to the conclusion that "Andre," rather than appellant, committed the same.
 {¶ 28} Appellant's first and second assignments of error are, therefore, overruled since the trial court's decision overruling appellant's Motion for Leave to File a Delayed Motion for a New Trial was not arbitrary, unconscionable or unreasonable.
 {¶ 29} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] While appellant attached other documents to his November 29, 2001, motion, we note that the same documents, including Exhibits I and J, were attached to his earlier October 15, 1999, motion for leave to file a delayed motion for a new trial. As is stated above, this Court previously affirmed the trial court's overruling of such motion. We shall, therefore, not consider such documents again, since they clearly are not "newly discovered." Nor, for the same reason, shall we consider allegations in appellant's affidavit that relate to Exhibits I and J.