OPINION
Appellant Mathew Mason appeals the decision of the Ashland County Court of Common Pleas that denied his motion for leave to file a delayed motion for new trial. The following procedural history gives rise to this appeal. On January 31, 1991, a jury found appellant guilty of the aggravated murder of Gurcia Johnson. Defense counsel filed a motion for new trial, on February 14, 1991, alleging appellant was entitled to a new trial based on newly discovered evidence that he could not have discovered and produced prior to the commencement of his trial. On March 27, 1991, the trial court overruled appellant's motion. Appellant filed another motion for new trial on June 28, 1991. The trial court overruled this motion on July 10, 1991. Thereafter, nine years after his conviction, on April 17, 2000, appellant filed a motion for leave to file a delayed motion for new trial based on newly discovered evidence material to his defense. Appellee State of Ohio filed a response on May 10, 2000. The trial court overruled appellant's motion on May 25, 2000. Appellant filed a motion for reconsideration, with the trial court, on June 5, 2000. The trial court overruled appellant's motion on June 6, 2000. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION FOR LEAVE TO FILE DELAYED NEW TRIAL MOTION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO RECONSIDER ITS DECISION OF 05/25/00.
 I
In his First Assignment of Error, appellant contends the trial court erred when it overruled his motion for leave to file a delayed motion for new trial. We disagree. "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion standard also applies to motions for leave to file a delayed motion for a new trial. See State v. Pinkerman (1993), 88 Ohio App.3d 158,160. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's First Assignment of Error. Appellant claims he is entitled to a new trial under Crim.R. 33(A)(6). This rule provides, in pertinent part: (A) Grounds A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, * * *.
Section (B) addresses the time frame for filing a motion for new trial and provides as follows: Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
Clear and convincing evidence is proof "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Schiebel at 74, citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368. In the case of State v. Petro (1947), 148 Ohio St. 505, syllabus, the trial court set forth a six-part test for granting a new trial based upon newly discovered evidence: To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. [Citations omitted.]
The record indicates that appellant failed to meet the clear and convincing standard required by Crim.R. 33(B). Specifically, appellant did not establish that he was unavoidably prevented from the discovery of the evidence, that the evidence was new and material to his defense or that he could not have, with reasonable diligence, discovered and produced the evidence at trial. In support of his motion for leave to file a delayed motion for new trial, appellant submitted two affidavits. The affidavit of James Kloos, which is dated January 22, 1997, and is not notarized, contains no new evidence. Appellant relies on this affidavit to raise the issue that Appellee State of Ohio never supplied him with a list of the names of the patrons at the Kallethea Bar. Appellant also relies on this affidavit to raise an issue about a boot print discussed at trial. The record indicates appellant called two witnesses, from the bar, to testify on his behalf. Appellee State of Ohio also presented witnesses from the bar and appellant had the opportunity to cross-examine these witnesses and discover and present any testimony that would have been beneficial to his defense. As to the boot print discussed by James Kloos in paragraph ten of his affidavit, appellant fails to demonstrate how this boot print is new evidence when a picture of the boot print as well as a pair of appellant's boots were introduced as evidence at the trial. Appellant could have further investigated the size of the boot print, at trial, but failed to do so. This evidence is not new evidence. In support of his motion, appellant also attached copies of letters regarding public records requests. However, these letters do not establish that appellant obtained any new evidence from his public records requests. Appellant also attached a copy of a motion filed in federal district court in which he requested leave to expand the record. Again, this document fails to reveal any new evidence that would entitle appellant to a new trial. The last document appellant attached to his motion was his own affidavit in which he finds fault with the investigator that he hired to help him prepare for trial. Appellant also claims that he has been willing to take a lie detector test, but that Appellee State of Ohio refuses to administer the test. Finally, appellant states that the victim's family believes he is innocent of this murder. After reviewing the affidavit, we conclude it fails to present any new evidence. Based on our review of the record, we conclude the trial court did not abuse its discretion when it denied appellant's motion to file a delayed motion for new trial. Appellant's First Assignment of Error is overruled.
 II
Appellant claims, in his Second Assignment of Error, that the trial court erred when it overruled his motion to reconsider. We disagree. Having found that the trial court did not abuse its discretion when it denied appellant's motion to file a delayed motion for new trial, the trial court did not err when it denied appellant's motion for reconsideration concerning said motion. Further, "[n]either the Criminal Code, Chapter 29, Ohio Revised Code, nor the Rules of Criminal Procedure provide for a motion for reconsideration." State v. Moore (Feb. 1, 1983), Licking App. No. CA 2912, unreported, at 1. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 ______________________ Wise, J.
Edwards, P.J., and Farmer, J., concur.