OPINION
Anthony H. York appeals from a judgment of the Greene County Court of Common Pleas which denied his motion for a new trial.
The record reveals as follows. On June 4, 1993, York was indicted on one count of burglary with a firearm specification, two counts of breaking and entering, one count of aggravated burglary, and one count of grand theft. The state entered a nolle prosequi on the count of grand theft. On August 24, 1993, a jury found York guilty of the count of burglary with a firearm specification and one of the counts of breaking and entering. He was found not guilty of the other count of breaking and entering and the count of aggravated burglary. On August 27, 1993, York was sentenced to an indefinite term of four to fifteen years for the count of burglary with three years of actual incarceration for the gun specification and a definite term of eighteen months for the count of breaking and entering. The sentences were ordered to be served consecutively.
On May 14, 1999, York filed a motion for a new trial. On May 19, 1999, York filed an amended motion for a new trial with two affidavits from witnesses who had testified for the state at York's trial. The affidavits were dated August 13, 1997 and purported to recant the affiants' former testimonies at York's trial. The state responded to York's motion for a new trial on May 19, 1999. On May 26, 1999, the trial court overruled York's motion for a new trial. On May 28, 1999, York filed a response to the state's memorandum which included his own affidavit, dated May 26, 1999. York appealed the trial court's denial of his motion for a new trial. We reversed the trial court's decision, finding that although York had failed to argue that he had been unavoidably prevented from timely discovering the evidence in his original motion, he had made such argument in his timely-filed reply brief. State v. York (Feb. 18, 2000), Greene App. No. 99-CA-54, unreported. We remanded the case for the trial court to hold a hearing to determine whether there was clear and convincing proof of unavoidable delay. Id. We also directed the trial court to determine whether the state had been prejudiced by the delay between August 13, 1997, the date of the affidavits, and May 14, 1999, the date of York's filing of the motion for a new trial. Id. We stated that if the trial court determined that York had been unavoidably prevented from timely discovering the evidence and if the delay between the affidavits and the filing of his motion for a new trial had not prejudiced the state, then the trial court could consider the merits of York's motion for a new trial. Id.
The trial court held a hearing on June 1, 2000. York was the only witness at the hearing. On July 5, 2000, the trial court again denied York's motion for a new trial, finding that he had failed to demonstrate with clear and convincing proof that he had been unavoidably prevented from discovering the evidence.
York now appeals the trial court's denial of his motion for a new trial. He raises two assignments of error. We will address these assignments in an order that facilitates our discussion.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT THE DEFENDANT HAD DEMONSTRATED UNAVOIDABLE DELAY IN FILING HIS MOTION FOR A NEW TRIAL[.]
York argues that the trial court erred in concluding that he had not been unavoidably prevented from discovering the evidence.
Crim.R. 33 states:
 (A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all circumstances of the case. * * *
 (B) * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
The procedure for handling a delayed motion for new trial on account of newly discovered evidence is a two-step process. State v. Smith (Mar. 27, 1998), Miami App. No. 97 CA 46, unreported; see State v. Dawson (2000), 89 Ohio St.3d 1208, 1209-1210, 728 N.E.2d 1085, 1086. If a defendant wishes to file a motion for a new trial on account of newly discovered evidence more than one hundred twenty days after the jury verdict, he must first obtain leave to file such motion. Id. After he obtains leave, he has seven days to file his motion for a new trial. Id.
York was convicted by the jury on August 24, 1993. His amended motion for a new trial was filed on May 19, 1999, five years and eight months after the verdicts were rendered. Because his Crim.R. 33(A)(6) motion was not brought within the one hundred twenty day limit prescribed by Crim.R. 33(B), York needed to first obtain leave to file his motion. To obtain leave, he was required to show by clear and convincing proof that he had been unavoidably prevented from discovering the evidence. "Clear and convincing proof * * * produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Mathis (1999), 134 Ohio App.3d 77, 79, 730 N.E.2d 410, 412, dismissed (1999), 87 Ohio St.3d 1418, 717 N.E.2d 1105 (quotation omitted); see Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. We will not reverse the trial court's denial of York's motion for leave to file a motion for new trial unless the trial court abused its discretion. State v. Barnes (Dec. 30, 1999), Clermont App. No. CA99-06-057, unreported. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1184
(quotation omitted).
York attached affidavits from Rick Muse and Jimmy Knotts to his motion for a new trial. The affidavits state that Muse and Knotts were present during the commission of the offenses for which York had been convicted, that both testified at York's trial, and that each had been either convicted or adjudged delinquent based upon the same incident. The affidavits also state that, during York's trial, the affiants testified that York had been present during the commission of the offenses, that their testimonies were "coerced by the Greene County Prosecutor's office," and that the affiants now wished to recant their former testimonies.
At the June 1, 2000 hearing on York's motion, York testified as follows. Five years after York was incarcerated, he "c[a]me into contact" with Knotts and Muse at "London Correctional." While talking with Knotts and Muse on separate occasions, York asked them why they had lied at his trial. Muse told York that he had lied because "he had to do what he had to do[.]" Knotts responded similarly. Both indicated to York that they were willing to return to the court to recant their testimonies.
York argues that he was unavoidably prevented from discovering that the witnesses were willing to recant their testimonies because he was incarcerated.
The trial court concluded that although York had been incarcerated, he had not been prevented from contacting the witnesses. The court also stated that it had been unreasonable for York not to attempt to contact the witnesses if he knew that they had provided false testimony. We do not believe that the trial court acted unreasonably, arbitrarily, or unconscionably when it found that York had not been unavoidably prevented from filing his motion. York did have knowledge of the existence of the ground supporting the motion from the time he was convicted and, although he was incarcerated, he could have contacted the witnesses himself or through representatives.
York also argues that the trial court should not have considered the delay between the execution of the affidavits in August 1997 and the filing of his motion for a new trial in May 1999. He cites State v. Pinkerman (1993), 88 Ohio App.3d 158, 623 N.E.2d 643 in support of his argument. In Pinkerman, the court observed that Crim.R. 33(B) does not set a time limit for the filing of a motion for leave to file a delayed motion for new trial. Pinkerman, 88 Ohio App.3d at 161,623 N.E.2d at 645.
Although Crim.R. 33(B) is silent regarding a time limit for the filing of a motion for leave to file a delayed motion for new trial, the application of Crim.R. 33(B) must be undertaken against the backdrop of Crim.R. 1(B), which states:
 These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.
Further, Crim.R. 57(B) states that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure[.]"
In light of the purpose and construction of the criminal rules, a trial court may require a defendant to file his motion for leave to file a motion for new trial within a reasonable time after he discovers new evidence. Barnes, supra; accord State v. Stansberry (Oct. 9, 1997), Cuyahoga App. No. 71004, unreported, dismissed (1998), 81 Ohio St.3d 1442,690 N.E.2d 15. "Allowing the defendant to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay." Barnes, supra.
The trial court concluded that York did not file his motion within a reasonable time after discovering the new evidence. After the affidavits were executed, York waited over one and a half years before he filed his motion. Assuming arguendo that the trial court erred in determining that York was not unavoidably prevented from discovering the evidence, we would nevertheless affirm the trial court's ruling because York did not file his motion within a reasonable time after he discovered the new evidence.
The second assignment of error is overruled.
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT MR. YORK'S MOTION FOR A NEW TRIAL[.]
York argues that the trial court erred in overruling his motion for a new trial.
The trial court concluded that York had not demonstrated by clear and convincing proof that he had been unavoidably prevented from discovering the new evidence. As we stated, supra, York was required to first obtain leave before filing his motion for a new trial. To obtain leave, he needed to prove that he had been unavoidably prevented from discovering the evidence. The trial court concluded that he had not been unavoidably prevented from discovering the evidence. Although the trial court's order also stated that it overruled York's motion for a new trial, in essence, it only denied him leave to file his motion for a new trial because it did not reach the merits of York's motion for a new trial. Thus, we need not address this assignment of error.
The first assignment of error is overruled.
The judgment of the trial court will be affirmed.
 __________________ WOLFF, P. J.
FAIN, J. and YOUNG, J., concur.