JOURNAL ENTRY and OPINION
{¶ 1} Appellant Joseph Ambrose appeals the trial court's denial of his motion to withdraw his guilty plea. The historical facts are set forth in Ambrose's first appeal to this court inState v. Ambrose (Feb. 20, 2003), Cuyahoga App. No. 81672. This is Ambrose's third attempt to vacate his guilty plea. He assigns the following errors for our review:
 {¶ 2} "I. Defendant was denied due process of law when the court denied defendant's motion to withdraw his plea."
 {¶ 3} "II. Defendant was denied due process of law when the court did not conduct a hearing on the allegations contained in defendant's motion to withdraw his plea."
 {¶ 4} Having reviewed the facts and applicable law, we affirm the trial court's judgment. The apposite facts relevant to the above assigned errors follow.
 {¶ 5} On July 8, 2002, Ambrose pled guilty to an amended charge of drug trafficking, a felony of the first degree, and the court sentenced him to a prison term of seven years without eligibility for judicial release.
 {¶ 6} Thereafter, Ambrose appealed to this court and assigned the following two errors for our review:[1]
 {¶ 7} "I. The trial court erred in sentencing the defendant to a prison term exceeding the minimum term because the record fails to specify that the trial court determined that one or both reasons permitted by Section 2929.14(B) of the Ohio Revised Code justified a sentence longer than the minimum term."
 {¶ 8} "II. The trial court erred in accepting the defendant's plea of guilty without determining whether the defendant understood the meaning of the phrase `you are not entitled to judicial release.'"
 {¶ 9} We affirmed the trial court's judgment and sentence. In overruling assigned error one, we held the appellant's cited statute was not applicable, because the trial court imposed an agreed sentence. In overruling assigned error two, we concluded the record revealed the trial court substantially complied with the requirements of Crim.R. 11(C), and Ambrose knowingly and intelligently pleaded guilty to the indictment.
 {¶ 10} Next, Ambrose petitioned this court to reopen the case pursuant to App.R. 26(B). Ambrose claimed appellate counsel was ineffective for failing to argue his guilty plea was defective because the trial court did not inform him of post-release control at the plea hearing. Because the doctrine of res judicata prevented further litigation of issues that were previously raised, or could have been raised, we denied the petition to reopen.[2]
 {¶ 11} Finally, on October 20, 2003, fifteen months after pleading guilty, Ambrose motioned the trial court to vacate his plea. The trial court denied the motion, and Ambrose now appeals.
 {¶ 12} We address Ambrose's two assigned errors together. The central theme of both errors is his claim that his guilty plea was infirm due to the trial court's failure to advise him of post-release control. We note the trial court did place the advisement in its journal entry.
 {¶ 13} Again, we conclude as we did in Ambrose I, the doctrine of res judicata prevents our review.[3] The principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal.[4]
 {¶ 14} We conclude the subject of Ambrose's first appeal, and his later attempt to reopen the appeal, has historically concerned the validity of his guilty plea and his attempt to withdraw his guilty plea. This court has reviewed and ruled upon the validity of Ambrose's guilty plea and affirmed the judgment of the trial court; therefore, the present appeal is barred by the doctrine of res judicata.[5] Accordingly, we overrule both assigned errors.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Gallagher, J., concur.
[1] State v. Ambrose (Feb. 20, 2003), Cuyahoga App. No. 81672.
[2] State v. Ambrose (Sept. 5, 2003), Cuyahoga App. No. 81672.
[3] Time constraints and considerations are important in these cases, and we are mindful that others have held that failure to instruct a defendant with regards to post-release control results in a defective plea. See State v. Delventhal (Mar. 27, 2003), Cuyahoga App. No. 81034. In Ambrose II, another panel of this court took the position that it did not. This opinion writer disagrees with Ambrose II. Nevertheless, this panel believes Ambrose I bars this appeal under the doctrine of res judicata.
[4] See, generally, State v. Perry (1967),10 Ohio St.2d 175.
[5] Id.