JOURNAL ENTRY AND OPINION
{¶ 1} Pro se appellant, Kelvin Thompson ("Thompson") appeals the trial court's denial of his motion for a new trial. He assigns the following error for our review:
 "I. The State's failure to disclose that its key witness, Jackie Sanders, was a probationer (sic), and in violation of her probation when she testified against petitioner during petitioner's trial in State v. Thompson, (1994), Case No. 303894, Cuyahoga County, denied petitioner due process of law under the Fourteenth Amendment of the United States Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Thompson was indicted on November 5, 1993, along with two other defendants, for the aggravated murder of Junius Chaney. A firearm specification was also included in the indictment, as the evidence showed Chaney was shot at close range with a shotgun. One of the defendants, Lance Carter, pleaded guilty to the lesser offense of obstructing justice and proceeded to testify for the prosecution against appellant and the remaining co-defendant. The jury found Thompson and his remaining co-defendant guilty of aggravated murder, including the firearm specification. Both were sentenced to life in prison plus three years for the specification. Thompson was also found to be in violation of his probation for selling cocaine and was sentenced to an additional six months. *Page 3 
 {¶ 4} Thompson appealed his conviction; this court affirmed.[1] On August 7, 1996, Thompson filed a petition for postconviction relief. The trial court denied the petition and Thompson appealed. This court affirmed the trial court's denial of the petition.[2] Among the various arguments he raised in his appeal and petition, he contended the State failed to reveal to him that Jackie Sanders was a probation violator at the time of trial.
 {¶ 5} On January 3, 2007, Thompson filed a motion for a new trial. In this motion, he again raised the argument that the State failed to disclose that Jackie Sanders was a probation violator. The trial court denied the motion.
 New Trial {¶ 6} Thompson contends the trial court erred by denying his motion for a new trial. He contends a new trial was warranted because he discovered new evidence. The evidence consisted of a third party telling him on December 6, 2006, that Jackie Sanders was a probation violator at the time she testified against him at trial.
 {¶ 7} The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not *Page 4 
be disturbed.[3] The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[4] Further, the discretionary decision to grant a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party.[5]
 {¶ 8} Crim.R. 33(A) states in pertinent part as follows:
 "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 9} As a general rule, a motion for a new trial is granted where the defendant shows that he was unavoidably prevented from discovering the evidence *Page 5 
which is the basis of the motion during the course of trial.[6] The evidence must have been the type that would have produced a different result at trial.[7] Furthermore, the Ohio Supreme Court has held:
 "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."[8]
 {¶ 10} Thompson maintains that on December 6, 2006, he was told by a third party that one of the State's witness in his jury trial, Jackie Sanders, was found to be a probation violator, and her probation was continued prior to her testimony at trial. This is not new evidence. Thompson had alleged both in his direct appeal and petition for postconviction relief, that the State failed to disclose Sanders' probation status. Therefore, although the third party told him of this information in December 2006, he already had knowledge of the information.
 {¶ 11} Moreover, because Thompson has previously argued the State failed to disclose Sanders' probation status, res judicata barred him from raising this issue *Page 6 
yet again in a motion for a new trial. "The principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal."[9] This court has previously found Thompson's argument to be without merit because given the overwhelming evidence presented against Thompson, such evidence would not have affected the outcome of the case. Accordingly, Thompson's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] State v. Thompson (Apr. 27, 1993), Cuyahoga App. No. 67048.
[2] State v. Thompson (June 11, 1998), Cuyahoga App. No. 72641.
[3] State v. Hawkins (1993), 66 Ohio St.3d 339, 350.
[4] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[5] State v. Otten (1986), 33 Ohio App.3d 339, 340.
[6] State v. Pinkerman (1993), 88 Ohio App.3d 158; State v. Gray
(April 13, 1995), Cuyahoga App. No. 67574.
[7] Id.
[8] State v. Petro (1947), 148 Ohio St. 505, syllabus.
[9] State v. Ambrose, Cuyahoga App. No. 83859, 2004-Ohio-4237, citingState v. Perry (1967), 10 Ohio St.2d 175. *Page 1