[Cite as *State v. Imani*, 2013-Ohio-2082.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SEKOU IMANI | : | Case No. 2013 AP 01 0008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2007 CR 4 0145



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 May 21, 2013




APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

MICHAEL J. ERNEST                          SEKOU IMANI, PRO SE
125 East High Avenue                       N.C.I. #A575-988
New Philadelphia, OH  44663                15708 McConnelsville Road
                                           Caldwell, OH  43724

*Farmer, P.J.*

{¶1} On April 17, 2007, the Tuscarawas County Grand Jury indicted appellant, Sekou Imani, on four counts of trafficking in drugs (powder and crack cocaine) in violation of R.C. 2925.03. Said charges arose from four drugs buys from appellant by a confidential informant.

{¶2} A jury trial commenced on April 17, 2008. The jury found appellant guilty as charged. By judgment entry filed May 14, 2008, the trial court sentenced appellant to an aggregate term of sixteen years in prison.

{¶3} On June 12, 2008, appellant filed an appeal. This court affirmed the convictions. *State v. Imani,* 5th Dist. No. 2008 AP 06 0043, 2009-Ohio-5717.

{¶4} On February 15, 2012, appellant filed a motion to resentence. By judgment entry filed March 15, 2012, the trial court denied the motion. Appellant filed a notice of appeal on April 19, 2012 which was dismissed as having been untimely filed.

{¶5} On October 31, 2012, appellant filed a motion for leave to file a delayed motion for new trial. By judgment entry filed January 4, 2013, the trial court denied the motion.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL UPON PROSECUTORIAL MISCONDUCT, THE KNOWING USE OF FALSE EVIDENCE AND/OR FALSE TESTIMONY."

II

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL UPON NEWLY DISCOVERED EVIDENCE."

I, II

{¶9} Appellant claims the trial court erred in denying his motion for leave to file a delayed motion for new trial based upon newly discovered evidence which exposed prosecutorial misconduct. We disagree.

{¶10} Crim.R. 33 governs new trial. Subsections (A)(6) and (B) state the following:

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

***Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶11} In *State v. Petro,* 148 Ohio St. 505 (1947), syllabus, the Supreme Court of Ohio held the following:

To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (*State v. Lopa,* 96 Ohio St. 410, 117 N.E. 319, approved and followed.)

{¶12} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." *State v. Schiebel,* 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. An abuse of discretion standard also applies to motions for leave to file a delayed motion for new trial. *State v. Pinkerman,* 88 Ohio App.3d 158 (4th Dist. 1993). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶13} Appellant filed his motion for leave on October 31, 2012, 1,654 days after the jury rendered its verdicts on April 21, 2008.

{¶14} On September 4, 2012, appellant wrote to the Tuscarawas County Prosecutor's Office and requested specific information, including "copies of the confidential informant's arrest records and the terms of the confidential informant's plea agreement that she made with Coshocton County which led to her involvement in this case." Appellant's October 31, 2012 Motion for Leave under Procedural History. Appellant received a response from the prosecutor's office which is attached to his motion as Exhibit No. 4. In the letter to appellant, Assistant Prosecutor Michael Ernest stated the following:

> 3. The Confidential Informant did not have any prior felony convictions at the time of your trial. She appears to have been arrested in September, 2005, in Coshocton County for Trafficking in Drugs. These charges were dismissed in July, 2006. I have contacted the Coshocton

County Prosecutor's Office regarding any plea agreements. I was informed that there wasn't a plea agreement. Likewise, this office does not have any record of a plea agreement in Coshocton County that you referenced in your letter.

{¶15} Appellant claims this letter constitutes "newly discovered evidence." The basis of appellant's motion therefore, as set forth in his motion for leave, was newly discovered evidence of prosecutorial misconduct regarding the confidential informant (Lisa Haas) who allegedly was involved in a criminal proceeding in Coshocton County:

Without Lisa Haas testimony, there is no evidence to have carried the case to the jury. Lisa Haas credibility as a witness was a (sic) important issue in this case, and evidence of any understanding or agreement as to the future prosecution would have been relevant to her credibility and the jury was entitled to know of it. The State knew in its investigation of this case that Lisa Haas did not have pending charges in Coshocton County, that there was no plea agreement reached for her testimony in this case. The prosecutor failed to correct the testimony of Lisa Haas and Det. Scott Ballentine when he knew them both to be incorrect and misleading. The misleading effect upon the jury is no less diminished by the fact the witness did not know he or she was testifying falsely. The prosecutor had an obligation at this point of the proceedings to correct that testimony. To then make use of this testimony, albeit not

necessarily perjured, when the true facts were known to the prosecutor for the specific purpose of strengthening the state's case by impressing upon the jurors an inference favorable to the state is as offensive as using perjured testimony to the same end. The ultimate effect is to mislead the jury. When such occurs the defendant's right to a fair trial is seriously jeopardized.

        \*\*\*

    This is not a case of mistake or accident, this is a case where the Prosecuting Attorney David Hipp bluntly, with purpose and reckless disregard for the truth and to violate Mr. Imani's right to a fair trial. The prosecution had Two years to investigate this case before going to trial and any claim that it did not know that the charges in Coshocton County were dismissed Two years prior to going to trial in this case, would be without merit.

    Additionally, not only did the Prosecuting Attorney David Hipp use false evidence and/or testimony in seeking a conviction, in his closing arguments, he imposed personal knowledge and vouched for the truthfulness of its primary witness, Lisa Haas, knowing she lied under oath and to the jury.

{¶16} Tuscarawas County Sheriff's Detective Scott Ballentine testified Lisa Haas was a confidential informant that he obtained through the Coshocton County Sheriff's Office. T. at 58. Detective Ballentine explained, "[t]hey contacted us a little more than a

year ago and said that she had evidently some charges down there. There wasn't really anything that she could do for them in Coshocton County and she indicated that she could make some buys in Newcomerstown from a gentleman by the name of Sekou Imani." As to any deals made for her assistance, Detective Ballentine testified as follows (T. at 58-59):

Q. Now, to your knowledge, did Lisa Haas have any pending criminal charges in Coshocton County?

A. She did.

Q. All right. Do you know, were there any (inaudible) made to her that should she cooperate, provide assistance in the investigation, something would happen to those charges?

A. It was my understanding that if she cooperated, that she would either face reduced charges or no charges.

Q. All right. She was obviously getting something for helping you out?

A. Right.

Q. Okay. You understand that might give her an incentive to perform as you would want –

A. Sure.

Q. – and not necessarily as what would have actually happened?

A. Absolutely.

{¶17}  On cross-examination, defense counsel elicited the following testimony (T. at 89-90):

> Q. Do you know what she was charged with in Coshocton County?
>
> A. I believe trafficking but I'm not sure of the severity of it.
>
> Q. All right.  So she's charged with trafficking in Coshocton County -
>
> A. That's right.
>
> Q. – to the best of your knowledge?
>
> A. Au-hau.
>
> Q. You don't know whether she's convicted of anything?
>
> A. I, I'm not sure.  I honestly don't know.
>
> Q. Is she in jail today?
>
> A. No.
>
> Q. Prison?
>
> A. No.  To my -
>
> Q. So she's -
>
> A. To my knowledge, I believe she was incarcerated in Coshocton County Jail for a very short time if at all.
>
> Q. And she's out on the streets right now?
>
> A. That's correct.

{¶18} Lisa Haas testified after she was indicted on drug charges, she cooperated with the Coshocton County Sherriff's Office so she could avoid going to the

penitentiary and possibly losing custody of her son. T. at 105-106. She testified, "I have to do what I have to do and nothing's been closed as of this time" so she was willing to cooperate or "I would have to go to the penitentiary and suffer the consequences of others." T. at 109. On cross-examination, defense counsel specifically questioned Ms. Haas on her charges and any plea deals. T. at 127-129. Ms. Haas testified the charges were still pending and although no deal had been made, "they said that they would work with me to maybe lessen the charges." T. at 128. Ms. Haas admitted that was why she was cooperating and why she was in court testifying. T. at 129.

{¶19} It is important to note that the testimony of the witnesses was given in April 2008, over a year after the controlled buys and some two years after the dismissal of the drug charges against Ms. Haas.

{¶20} Prior to the commencement of the trial, the prosecutor filed a notice of exculpatory evidence which stated the following:

> Lisa Haas, a witness in this matter, has previously been charged with drug related offenses in Coshocton County. In return for consideration in the handling of that case or those cases, Coshocton County has agreed to reduce the seriousness of the offenses or dismiss the criminal charges in return for her assistance in investigating other drug related activity. Such assistance was to include assistance to other law enforcement agencies in the area, including the Tuscarawas County Sheriff. No consideration has been given by the Tuscarawas County

Sheriff. No consideration has been given by the Tuscarawas County Sheriff or the Tuscarawas County Prosecutor for any conduct which may have occurred in Tuscarawas County.

{¶21} Prior to trial, appellant stated to the trial court, "I would like to see her [Lisa Haas] record, her arrest record and her, her, and what all charges and treatment or what all she's been involved." T. at 5. Clearly appellant was aware of Ms. Haas's criminal issues prior to trial because he specifically requested information on the matter.

{¶22} During her testimony, Ms. Haas explained no deal had been made, but she had been indicted on drug charges and had agreed to cooperate with law enforcement "to maybe lessen the charges." T. at 128. We do not find any need to go any further in an attempt to disqualify her testimony. In fact, if the charges against Ms. Haas were dismissed prior to her cooperation with the Tuscarawas County Sheriff's Office, there would have been no incentive to cooperate thereby bolstering her credibility.

{¶23} The lack of knowledge as to the particulars of any "deal" made between Ms. Haas and the Coshocton County Sherriff's Office did not prejudice the trial, and such knowledge, in all probability, would not change the result if a new trial was granted. The evidence was available prior to trial with a simple telephone call to the authorities in Coshocton and therefore does not constitute newly discovered.

{¶24} As for the complained of prosecutor's comments made during closing argument, the trial court specifically informed the jury that closing arguments of counsel are not evidence. T. at 235.

{¶25}  Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial.

{¶26}  Assignments of Error I and II are denied.

{¶27}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Craig R. Baldwin_____

JUDGES

SGF/sg 430

[Cite as *State v. Imani*, 2013-Ohio-2082.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SEKOU IMANI | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013 AP 01 0008 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Craig R. Baldwin_____

JUDGES